**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200377-U

Order filed August 19, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-20-0377 |
| v. | ) ) | Circuit No. 18-CF-499 |
| SANDRA J. STOUT, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Peterson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court committed reversible plain error by failing to accept the plea agreement presented by the parties on July 23, 2019.

¶ 2    Defendant, Sandra J. Stout, appeals from her conviction for residential burglary. Defendant argues that the Kankakee County circuit court abused its discretion when it rejected plea agreements on July 22 and July 23, 2019, forcing her to go to trial. We reverse and remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4          On September 7, 2018, the State charged defendant with residential burglary (720 ILCS 5/19-3(a) (West 2018)) and criminal trespass to a residence (*id.* § 19-4(a)(1)). The charges alleged that on August 26, 2018, defendant "knowingly and without authority, entered into the dwelling place of Juan Roldan-Gomez, *** with the intent to commit therein a theft" and "knowingly and without authority, entered a residence." As charged, the residential burglary was a Class 1 felony for which a sentence of probation could not be imposed. *Id.* § 19-3(b).

¶ 5          On July 22, 2019, the case was scheduled for jury trial. Prior to jury selection, the parties informed the court that they had reached a plea agreement. The State had agreed to amend the residential burglary charge to burglary, a Class 2 felony and cap their sentencing recommendation at five years' imprisonment. Defendant would be eligible to argue for probation at sentencing on the amended charge.

¶ 6          After defendant entered the plea, the court asked her to explain the incident that led to the charges. Defendant indicated that she had went to Roldan-Gomez's residence and found the door open. She knocked three times before Roldan-Gomez heard her. Defendant offered to pay Roldan-Gomez to help move belongings at her apartment. Roldan-Gomez refused. Defendant asked if Roldan-Gomez had something to light her cigarette, and he indicated that he had a book of matches on the counter. She took those matches with Roldan-Gomez's permission and left. After hearing defendant's recitation of the facts and clarifying with defendant that she had obtained permission to take the matches from Roldan-Gomez's residence, the court asked, "What did you do wrong here?" Defendant explained that the State had accused her of taking money from Roldan-Gomez's residence, which she unequivocally denied. The court asked defendant

why she would plead guilty if she did not commit a crime. Defendant responded "[t]hat's what I told [defense counsel]. I said, why should I plead guilty to something that I didn't do?"

¶ 7 The court informed defendant that it could still accept her plea if a strong factual basis existed. The State provided the following factual basis:

> "Judge, at trial, the State's witnesses would testify—well, first of all, *** Roldan-Gomez, would testify that he did have United States currency taken from his apartment; furthermore, that he had surveillance cameras mounted at his apartment.
>
> And we—the State would present evidence that shows two different angles of the front door, which shows very clearly the defendant walking up to an open door, knocking. There appears to be no response. No one ever comes to the door. You never see another person enter.
>
> She steps inside the apartment, grabs an item off the corner, and hustles back to her car and speeds away. That's what the State would present at trial."

The court then asked defendant to be truthful and asked if she had taken the money. Defendant insisted that she did not take the money. The court rejected the plea agreement, stating that it did not "like the idea of taking a plea from someone who says they're not guilty." Defense counsel began to state his position regarding recommending the agreement to defendant. The court indicated that it understood defense counsel's position, but defendant was in front of the court declaring her innocence. The court continued,

> "I believe the law is that the Court can take a plea of guilty from someone who maintains their innocence if the Court finds that there's a strong factual basis; but I don't believe that the Court is compelled to ***

3

***

I've never seen a decision that says that. There might be one out there. I don't know."

The case proceeded to jury selection then recessed to the next day for start of the trial.

¶ 8 On July 23, 2019, before the trial began, the parties informed the court that a new plea agreement had been reached. Under the terms of this agreement, defendant would plead guilty to the residential burglary charge, unamended. In exchange for her plea, she would receive the minimum sentence of four years' imprisonment. When asked about the events of the incident, defendant admitted to taking matches without permission. The court viewed a video of the events which depicted defendant approaching an open door and looking around. No one else can be seen on the video. Defendant knocked on the door. She reached inside the residence and grabbed something that appeared to be larger than matches and was green. After which, she ran back to her vehicle.

¶ 9 Defendant maintained that she did not take any money from the residence. She explained that she wanted to enter the plea of guilty because she did not want to be exposed to the full range of sentencing on the charge, which was between 4 to 30 years' imprisonment. The court expressed doubt that defendant would be sentenced to significant time on the offense and said "[s]o let's just go ahead and have the trial. All right?"

¶ 10 Defense counsel argued that taking a book of matches without permission would not be a defense, and she would be benefitting from the bargain by being sentenced on the lowest end of the range. Defendant admitted to the court that she took the matches to light her cigarette and knew she was committing a burglary when she took them from the residence. The court continued to express its reluctance to accept the plea agreement. Defense counsel pointed out

4

that the State would argue that regardless of what defendant took, money or matches, she would be guilty of the residential burglary. The court replied, "I mean, you're possibly right. Well, you know, I don't think we have enough trials, honestly, so just have a seat." The jury trial was held, and defendant was found guilty of both charges after 15 minutes of deliberation. At the conclusion of the proceedings, the court stated:

> "I know this was a case that the attorneys didn't necessarily—all of you did not necessarily think had to go to trial, but I think we're better off for having actually had a trial. And I think everybody did a good job.
>
> ***
>
> *** I think, honestly, the attorneys did a good job for both sides."

¶ 11 On September 28, 2020, the court sentenced defendant to five years' imprisonment on the residential burglary charge. After the sentence was pronounced, defense counsel made an oral motion to reconsider the sentence without further argument. The motion was denied. Defendant appeals.

¶ 12          II. ANALYSIS

¶ 13 Defendant asserts that the circuit court erred when it rejected plea agreements on July 22 and July 23, 2019, forcing defendant to proceed to a jury trial. Defendant acknowledges that the issue was not raised in a posttrial motion but argues that the forfeiture doctrine must be relaxed in this case where the error concerns the circuit court's conduct, citing the *Sprinkle* doctrine. *People v. Sprinkle*, 27 Ill. 2d 398 (1963). Alternatively, defendant requests that we review the issue for plain error.

¶ 14 The *Sprinkle* doctrine allows a reviewing court to relax forfeiture rules where counsel has been effectively prevented from objecting because it " 'would have fallen on deaf ears.' " *People*

5

*v. McLaurin*, 235 Ill. 2d 478, 488 (2009) (quoting *People v. Davis*, 378 Ill. App. 3d 1, 10 (2007)). The supreme court has cautioned that granting an excusal of forfeiture should be used "only under extraordinary circumstances." *McLaurin*, 235 Ill. 2d at 488. The circuit court's discussion of case law and authority indicates that it would have been receptive to a well-supported objection or posttrial motion regarding the issue. Failure to properly object contemporaneously or in posttrial motion robs the court of the opportunity to correct errors. *Davis*, 378 Ill. App. 3d at 11. Since the record does not indicate an extraordinary circumstance or that an objection, during or after trial, would have fallen on deaf ears, we find no compelling reason to relax the rules of forfeiture under *Sprinkle*.

¶ 15 Defendant also argues that despite her forfeiture, the court's rejection of the two plea offers requires reversal under the second prong of the plain error doctrine. The plain error doctrine "allows a reviewing court to consider unpreserved error when *** a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The initial step in any plain error analysis is to determine whether a clear, obvious, or plain error has been committed. *Id.*

¶ 16 While plea agreements play an important role in the criminal justice system, there is no absolute right to have a guilty plea accepted. *Santobello v. New York*, 404 U.S. 257, 262 (1971). A court may reject a guilty plea in the exercise of sound judicial discretion. *Id.* An abuse of that discretion occurs where the circuit court's decision is arbitrary, fanciful, or unreasonable. *People v. Becker*, 239 Ill. 2d 215, 234 (2010). Due process of law requires a fair hearing before a fair tribunal. *In re Murchison*, 349 U.S. 133, 136 (1955). Two different plea agreements were presented to the court on two separate days, we will consider each in turn.

¶ 17                                    A. July 22, 2019, Plea Agreement

¶ 18        On July 22, 2019, prior to jury selection, the parties presented a partially negotiated plea agreement to the court. After listening to the terms of the agreement, the court asked defendant to describe the incident that preceded the charges. Defendant's description contained no illegal activity. When the court inquired as to why defendant would admit guilt to a crime she did not commit, she responded that she asked defense counsel that same question. The court refused to accept the plea because of defendant's repeated denial of any wrongdoing, stating that it did not like the idea of accepting a guilty plea from someone who maintains their innocence. In Illinois, courts may accept a plea agreement from defendants who maintain their innocence if a strong factual basis for the plea exists and defendant desires to enter into the plea agreement. *People v. Barker*, 83 Ill. 2d 319, 333 (1980). However, the court is not compelled to accept the agreement in such cases. In light of defendant's explanation that she did not commit any illegal actions, the court did not abuse its discretion in refusing the July 22, 2019, plea agreement. Defendant's comments indicated that she did not desire to enter into the plea agreement. Accordingly, no error occurred on July 22, 2019.

¶ 19                                    B. July 23, 2019, Plea Agreement

¶ 20        On July 23, 2019, the parties presented a second fully negotiated plea agreement. The difference on this date was that defendant admitted wrongdoing to the court. While she persisted in her denial of theft of money, she admitted that she stole a book of matches from inside the residence and she did not have permission to do so. Further, she admitted that she knew she was committing a burglary when she took them. In addition to the factual basis provided the day before and defendant's admission, the court viewed the surveillance video showing defendant take an object from the counter of Roldan-Gomez's residence. Defendant explained her desire to

plead guilty and admitted to wrongdoing. The fact that she refused to admit to taking money as opposed to matches was irrelevant, as defense counsel pointed out to the court. The State need only prove that defendant entered the residence with the intent to commit a theft, there was no need to prove what she stole. See 720 ILCS 5/19-3(a) (West 2018). The court acknowledged that defense counsel was likely correct when he argued that theft of matches versus theft of money was no defense but still refused to accept the plea agreement saying, "I don't think we have enough trials, honestly, so just have a seat." The court's stated reason for rejecting the plea was arbitrary and unreasonable and constitutes an abuse of discretion. This error was particularly detrimental as it resulted in defendant being sentenced to one additional year of imprisonment.

¶ 21    Having found plain error, we must determine whether reversal is required under the second prong. Under the second prong, defendant bears the burden to show that the error was so serious it affected the fairness of the proceedings and challenged the integrity of the judicial process. *People v. Sebby*, 2017 IL 119445, ¶ 50. " 'Prejudice *** is presumed because of the importance of the right involved.' " *Id.* (quoting *People v. Herron*, 215 Ill. 2d 167, 187 (2005)).

¶ 22    We find the court's error undermined the fairness of defendant's plea hearing. The record clearly demonstrates admissions of guilt by defendant, sound reasoning for desiring to enter a plea of guilty by defendant, and overwhelming evidence of guilt. To refuse to enter a fully negotiated plea agreement because too few trials were being held impugned the integrity of the plea hearing and reversal is required under the second prong of the plain error doctrine. Moreover, this error was not just presumptively prejudicial but caused defendant actual prejudice where she received a greater sentence after the trial then she would have if the court accepted the plea agreement. Accordingly, we reverse defendant's conviction and remand for further proceedings.

¶ 23                              III. CONCLUSION

¶ 24          The judgment of the circuit court of Kankakee County is reversed and remanded for

further proceedings.

¶ 25          Reversed and remanded.