**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240609-U

Order filed March 19, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0609 Circuit No. 18-CF-2388 |
| JOSHUA N. WILSON, | ) ) ) | Honorable Margaret O'Connell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Davenport and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1  *Held*: The circuit court erred in dismissing defendant's postconviction petition at the second stage of proceedings where defendant made a substantial showing of a constitutional violation. Defendant forfeited his claims of court error and unreasonable assistance of postconviction counsel.

¶ 2  Defendant, Joshua N. Wilson, appeals from the second-stage dismissal of his postconviction petition. Defendant argues that the Du Page County circuit court erred in dismissing his petition because he made a substantial showing of ineffective assistance of plea counsel amounting to a constitutional violation, warranting a third-stage evidentiary hearing.

Specifically, defendant asserts that plea counsel was ineffective for failing to (1) secure a 12-year sentence and (2) perfect defendant's appeal. Additionally, defendant argues that the court improperly struck claims raised in his initial petition, and alternatively, postconviction counsel provided unreasonable assistance for failing to amend the petition to properly incorporate defendant's *pro se* claims. We reverse in part, affirm in part, and remand.

¶ 3                                    I. BACKGROUND

¶ 4        On November 6, 2018, the State charged defendant with aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(2), (d)(1) (West 2016)) and four counts of criminal sexual assault (*id.* § 11-1.20(a)(3)). On July 24, 2020, the State indicated that if defendant did not plead guilty on August 5 it would revoke all offers on that date. Plea counsel stated that she had explained to defendant that if he did not "accept the plea or blind plea on August 5th, [the State] will be revoking their offer." The court continued the matter to August 5, 2020, for defendant's plea.

¶ 5        On August 5, 2020, the court held a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). After, plea counsel indicated that defendant was still considering both sentencing agreements. The parties agreed that defendant would enter a guilty plea on that day, and the options for sentencing remained "the blind plea where the floor is ten, the maximum is 14, or an agreed plea of 12 solid." Defendant pled guilty to one count of criminal sexual assault, and the State dismissed the remaining counts. The court admonished defendant that the possible sentencing range following the plea was a between 10 and 14 years' imprisonment. The court found that defendant entered a knowing and voluntary plea and continued the matter for sentencing.

¶ 6        At the sentencing hearing on August 27, 2020, there was no discussion between the court, the State, defense counsel, or defendant regarding the two potential sentencing agreements. During

2

argument, the State asked for 14 years' imprisonment and plea counsel requested 10 years' imprisonment, indicating this was the minimum "agreement." Before imposing the sentence, the court explained that, upon defendant's guilty plea, it had "accepted a range of sentence and agreed to that range." The court sentenced defendant to 13 years' imprisonment, three years to a lifetime of mandatory supervised release (MSR), and lifetime sex offender registration. Defendant did not file a postplea motion and did not appeal.

¶ 7        On August 26, 2022, defendant filed a *pro se* postconviction petition alleging, *inter alia*, ineffective assistance of plea counsel for (1) failing to "secure" the State's 12-year offer, (2) misadvising defendant that he would receive a lesser term of MSR and sex offender registration, and (3) failing to file a postplea motion and subsequent appeal following defendant's request. Defendant attached an affidavit from himself and his mother, Debra Radder. The court summarily dismissed defendant's petition and defendant appealed.

¶ 8        On appeal, the State confessed error, and we issued a minute order accepting the State's confession and remanding for second-stage proceedings. *People v. Wilson*, No. 3-22-0382 (2023) (unpublished minute order). Specifically, we relied on *People v. Edwards*, 197 Ill. 2d 239, 242, 257-58 (2001), finding that defendant's claim of ineffective assistance warranted the appointment of counsel and second-stage proceedings based on defendant's claim that after pleading guilty, plea counsel refused to file an appeal.

¶ 9        On remand, appointed counsel filed an amended postconviction petition, adopting defendant's prior claims and stating that defendant did "not intend to abandon or withdraw his previously filed *** Petition" and counsel "adopts and incorporates it into [the amended] *** Petition for Post-Conviction Relief." The amended petition alleged the ineffective assistance of plea counsel for failing to (1) "relay all terms of an offer to [defendant], resulting in a 'lost plea' "

3

and (2) "file a post-trial motion and notice of appeal for the [defendant]." In support, the motion alleged that due to plea counsel's advice, defendant believed that he had until August 27, 2020, to accept the State's 12-year fully negotiated offer or proceed by blind plea with an agreed sentencing cap of 10 to 14 years' imprisonment.

¶ 10        Defendant's affidavit indicated that on August 27, 2020, defendant informed plea counsel that he wanted to accept the 12-year offer and counsel responded that she would inform the State. A short time later, plea counsel told defendant that "it was too late, the 12-year offer had been revoked." Following the sentencing hearing, plea counsel told defendant, "We will file an appeal," and she would contact defendant. The next day, defendant asked Radder to inform plea counsel that he wished to appeal the sentence. Later, Radder told defendant that when she relayed his message, plea counsel responded that "there was nothing to appeal." Plea counsel did not communicate with defendant to discuss posttrial motions or an appeal. Since his incarceration for the present offense, defendant communicated with plea counsel through Radder. Radder's affidavit stated that she spoke to plea counsel many times and assisted in relaying messages. On August 27, 2020, plea counsel informed Radder defendant had decided to accept the 12-year offer, but the State said it was "too late." Approximately two days after the sentencing hearing, defendant told Radder to notify plea counsel that he wanted to appeal the sentence. When Radder contacted plea counsel, she responded that "there was nothing to appeal." Postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 11        On June 10, 2024, the State filed a motion to dismiss defendant's postconviction petition. Specifically, the State contended that two of defendant's *pro se* claims were not properly incorporated into postconviction counsel's amended petition pursuant to Rule 651(c). The State moved to strike defendant's *pro se* claims that plea counsel (1) misadvised defendant of the

4

collateral consequences of his plea related to the term of MSR and lifetime sex offender registration and (2) failed to file posttrial motions and appeal following defendant's request and "refused to file the paperwork and allege her own ineffectiveness." Additionally, the State argued defendant failed to establish a substantial constitutional claim of ineffective assistance of plea counsel where the record rebutted the claims, as evidenced by defendant's guilty plea and failure to file a *pro se* notice of appeal.

¶ 12 On October 24, 2024, the matter proceeded to a hearing. At the outset, postconviction counsel informed the court that most of defendant's *pro se* claims had been incorporated into the amended petition but counsel did not adopt defendant's claim relating to MSR and lifetime sex offender registration. The court granted the State's motion to strike the two claims. The court considered the remaining claims that plea counsel failed to (1) "relay all terms of an offer to [defendant], resulting in a 'lost plea' " and (2) "file a post-trial motion and notice of appeal for the [defendant]" and granted the State's motion to dismiss. Defendant appealed.

¶ 13 II. ANALYSIS

¶ 14 On appeal, defendant argues the court improperly dismissed his postconviction petition at the second stage when he made a substantial showing of ineffective assistance of plea counsel. Specifically, defendant asserts that counsel was ineffective for failing to (1) secure a 12-year sentence and (2) perfect defendant's appeal. Additionally, defendant argues that the court improperly struck claims raised in his initial petition, and alternatively, postconviction counsel provided unreasonable assistance for failing to amend the petition to properly incorporate defendant's *pro se* claims.

¶ 15 A. Dismissed Claims

¶ 16    Under the Post-Conviction Hearing Act (Act), a defendant may assert that the proceeding resulting in his conviction substantially denied his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2022). The Act establishes three stages of review. *People v. Domagala*, 2013 IL 113688, ¶ 32. At the first stage, the circuit court may dismiss the petition if it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). If the circuit court does not dismiss the petition, it advances to the second stage, at which the defendant must make a substantial showing of a constitutional violation or be subject to a motion to dismiss. *Domagala*, 2013 IL 113688, ¶ 33; 725 ILCS 5/122-5 (West 2022). At this stage, all well-pled facts will be regarded as true unless positively rebutted by the record. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). During the second stage, the court "must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *People v. Tate*, 2012 IL 112214, ¶ 10. Substantial constitutional questions involving "[f]actual disputes *** should be resolved at a hearing before the trial court." *People v. Kitchen*, 189 Ill. 2d 424, 433 (1999). For example, when a defendant's ineffective assistance claim alleges matters which occurred *dehors* the record, a third-stage evidentiary hearing allows the opportunity for defendant to testify to the contents of his affidavit and other evidence to be presented, for the court to decide regarding the credibility of defendant's claim. See *People v. Nicholson*, 2021 IL App (3d) 180010, ¶¶ 8-9, 17, 22. We review the circuit court's second-stage dismissal of a postconviction petition *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31.

¶ 17    The court dismissed defendant's two claims of ineffective assistance of plea counsel for failing to (1) secure a 12-year sentence and (2) perfect defendant's appeal. Generally, to prevail on a postconviction claim of ineffective assistance, a petition must make a substantial showing that (1) counsel's performance was so deficient that it fell below an objective standard of

6

reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). To satisfy the first prong under *Strickland*, counsel's performance must be so inadequate "that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment." *People v. Evans*, 186 Ill. 2d 83, 93 (1999). If a defendant can establish deficient performance, the second prong requires defendant to show that he was prejudiced as a result. *People v. Dupree*, 2018 IL 122307, ¶ 44. Failure to establish either prong will be fatal to defendant's claim. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000).

¶ 18                                      1. Plea Negotiations

¶ 19         Defendant's first claim of ineffective assistance is based on his allegation that plea counsel failed to secure the State's 12-year offer and, had counsel properly informed him, he would have accepted the State's offer. The sixth amendment requires that defense counsel consult with defendant on all major decisions. *People v. Smith*, 268 Ill. App. 3d 574, 579 (1994). Thus, a defendant's right to the effective assistance of counsel extends to plea negotiations. *People v. Hale*, 2013 IL 113140, ¶¶ 15-16. For the purposes of a plea offer or plea negotiations, "[a] criminal defendant has the constitutional right to be reasonably informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis and internal quotation marks omitted.) *Id.* ¶ 16. In other words, counsel has a duty to aid defendant in making an informed decision as to whether to plead guilty. *People v. Mendez*, 336 Ill. App. 3d 935, 939 (2003).

¶ 20         Here, defendant's postconviction petition sufficiently demonstrated that plea counsel's performance was deficient for failing to communicate with defendant regarding the availability of the State's 12-year offer, which prevented defendant from making an informed decision as to when to accept the State's offer and resulted in the State revoking the offer. The record supports

defendant's claim in that, during defendant's guilty plea the court confirmed with both parties that defendant still had two choices of sentencing open to him: a fully negotiated plea to 12 years' imprisonment or a blind plea with a sentencing range of 10 to 14 years' imprisonment. Then the court continued the matter to the sentencing date, further supporting defendant's belief that the offer would be available for him to accept on that date.

¶ 21 Defendant must also demonstrate that he was prejudiced by counsel's deficient performance. Here, defendant contends that he unknowingly failed to accept the offer in time, causing him to reject the plea offer, and instead, defendant had no choice but to proceed by way of a blind plea. In cases involving rejected plea offers, defendant must show that (1) he would have accepted the plea offer but for counsel's deficient advice, (2) the plea would have been entered without the State cancelling it, (3) the circuit court would have accepted the plea deal, and (4) the result of the criminal process would have been more favorable by the plea. *Nicholson*, 2021 IL App (3d) 180010, ¶ 19. A sentence resulting in even one additional year of imprisonment is sufficient to establish prejudice. *People v. Stout*, 2022 IL App (3d) 200377-U, ¶¶ 8, 22 (a circuit court's error by refusing defendant's guilty plea and proceeding to trial prejudiced defendant, when the court ultimately sentenced defendant to five years' imprisonment—one additional year than defendant would have received pursuant to the plea agreement).

¶ 22 When considering the first factor, defendant's affidavit averred that he would have accepted the State's 12-year offer but for counsel's deficient advice that the offer would remain available to him on his sentencing date. Regarding both the second and third factors, at the time of defendant's plea, the court's discussion with the State and plea counsel confirming that the State's 12-year offer remained available to defendant, shows that both the court and the State would have entered and accepted the plea offer if defendant had pursued it. Finally, the result of the criminal

8

process would have been more favorable, where, following the sentencing hearing, the court imposed 13 years' imprisonment, one year more than defendant's intended agreement. See *id.* Therefore, defendant made a substantial showing of both deficient performance and prejudice, in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *Strickland*, 466 U.S. at 687-88.

¶ 23        Importantly, defendant's allegation that he would have accepted the plea offer but for counsel's deficient performance is not positively rebutted by the record. Here, neither defendant nor plea counsel made a clear or express intention to reject the State's 12-year offer, and the record does not show the State's revocation of that offer. Moreover, defendant's plea cannot rebut his claims where the record shows that his sentencing options remained open at the time of his plea and the record is absent any discussion prior to the commencement of the sentencing hearing. See *cf. People v. Torres*, 228 Ill. 2d 382, 397 (2008) (the record rebutted defendant's claim that counsel made certain promises where defendant denied that any promises were made when the court accepted his guilty plea). Though defendant proceeded to a sentencing hearing which contemplated an agreed 10- to 14-year sentencing range, defendant's sentencing hearing does not positively rebut the claim since it does not address the off-the-record conversations defendant alleged to have had with plea counsel. See *Kitchen*, 189 Ill. 2d at 433 (holding that "when a petitioner's claims are based upon matters outside the record, this court has emphasized that it is not the intent of the Act that such claims be adjudicated on the pleadings" (internal quotation marks omitted)). As a result, defendant's claim presents a disputed fact in that counsel led defendant to believe the offer would be available, which is best resolved through an evidentiary hearing where fact-finding and credibility determinations are appropriate. See *People v. English*, 2013 IL 112890, ¶ 23. Specifically, testimony could be rendered regarding the advice that plea counsel communicated to

9

defendant between his guilty plea and sentencing hearing regarding his sentencing options. Taking defendant's statements as true, defendant made a substantial showing of ineffective assistance where he alleged that he would have accepted a fully negotiated plea of 12 years' imprisonment but for counsel's deficient performance, warranting third-stage postconviction proceedings.

¶ 24                                    2. Perfecting an Appeal

¶ 25        Defendant's second claim of ineffective assistance is based on his allegation that plea counsel disregarded his request to file and perfect his appeal. "[A] guilty plea reduces the scope of potentially appealable issues." (Internal quotation marks omitted.) *Torres*, 228 Ill. 2d at 401. However, following a guilty plea, counsel has a constitutional duty to consult with a defendant regarding an appeal when "there is reason to think either (1) that a rational defendant would want to appeal ***, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *People v. Rogers*, 372 Ill. App. 3d 859, 865-66 (2007). When the conviction arises from a guilty plea, plea counsel maintains the duty to consult with defendant about the necessary steps that must be taken to appeal, such as moving to withdraw the plea or to reconsider the sentence. *Rogers*, 372 Ill. App. 3d at 865-66.

¶ 26        Under *Strickland*, an attorney who disregards a defendant's specific instruction to file a notice of appeal is professionally unreasonable, and the failure cannot be considered a strategic decision. *People v. Ross*, 229 Ill. 2d 255, 262 (2008) (the filing of a notice of appeal is a ministerial task, and trial counsel's failure to file that notice is substandard). In other words, evidence that counsel disregarded defendant's request for an appeal, if proven at an evidentiary hearing, establishes deficient performance under *Strickland*. See *id.* "Regarding prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient representation,

10

the defendant would have appealed." *Id.* When a defendant establishes that counsel had a constitutional duty to consult with him about an appeal under *Flores-Ortega*, "prejudice may be presumed when defense counsel's ineffectiveness rendered appellate proceedings nonexistent, essentially denying the defendant's right to appeal." *Id.*; see *Flores-Ortega*, 528 U.S. at 471 (the "serious denial of the entire judicial proceeding *** demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place").

¶ 27        As to the first factor, defendant claims that counsel led defendant to believe that he could accept the State's 12-year offer on the date of his sentencing hearing. When the State revoked their offer on the sentencing date, the court sentenced defendant to an additional year of imprisonment. Thus, counsel knew that defendant intended to accept the State's 12-year offer, and ultimately received a longer prison sentence. See *Torres*, 228 Ill. 2d at 401-02. Given the imposition of a lengthier sentence, plea counsel would have reason to believe defendant wished to appeal his sentence. See *id.*; see also *Flores-Ortega*, 528 U.S. at 480. Second, defendant averred that after he was sentenced, plea counsel informed defendant she would be in contact with him and they would appeal. Defendant then explicitly notified plea counsel, through Radder, of his desire to appeal his sentence within 30 days of its imposition. See *Ross*, 229 Ill. 2d at 262. According to defendant, not only did plea counsel inform defendant they would appeal, counsel failed to consult with defendant following his sentence regarding an appeal and failed to communicate with defendant about the necessary steps that must be taken to appeal, such as moving to withdraw the plea or to reconsider the sentence. See *Rogers*, 372 Ill. App. 3d at 865-66. Instead, plea counsel "refused." Simply stated, defendant explicitly communicated to counsel that he wanted to appeal his sentence, and counsel failed to do so. See *Ross*, 229 Ill. 2d at 262.

11

¶ 28    Here, defendant has established both factors under *Flores-Ortega* and alleged a nonfrivolous claim of ineffective assistance pertaining to his plea. Thus, defendant has demonstrated that but for plea counsel's deficient performance in failing to appeal his sentence, defendant would have timely appealed. See *id.*; see also *Flores-Ortega*, 528 U.S. at 483-84. Defendant's allegations address conversations with plea counsel which are not a part of the record. Specifically, the claims relate to the communications between defendant and plea counsel regarding the plea negotiations and postsentencing motions or an appeal. As such, defendant's claims are best resolved through an evidentiary hearing where fact-finding and credibility determinations are appropriate. See *English*, 2013 IL 112890, ¶ 23. If defendant's claims are proven at an evidentiary hearing, he would be entitled to relief. See *Ross*, 229 Ill. 2d at 262-63; *Flores-Ortega*, 528 U.S. at 483-84. Therefore, defendant's second-stage petition, containing well-pled allegations that must be taken as true, is legally sufficient and sets forth a substantial showing of a constitutional violation based on ineffective assistance of plea counsel warranting third-stage proceedings.

¶ 29                                    B. Struck Claims

¶ 30    Defendant argues that under Rule 651(c) the court erred by improperly striking defendant's *pro se* claims that plea counsel (1) misadvised defendant of the collateral consequences of his plea related to the term of MSR and lifetime sex offender registration and (2) failed to file posttrial motions and appeal following defendant's request and refusing to "allege her own ineffectiveness." Alternatively, defendant contends that postconviction counsel provided an unreasonable level of assistance by not properly adopting the claims in the amended petition.

¶ 31    Initially, defendant reasons that the court misapplied and misinterpreted Rule 651(c), when it struck defendant's *pro se* claims due to postconviction counsel's failure to specifically list the

claims in the amended petition and instead stated that the *pro se* claims were "adopt[ed] and incorporate[d]" into the petition. Defendant concludes that reversal is required due to the *pro se* claims being struck. Generously construing defendant's first argument, we understand his claim to assert that the court erred by striking his *pro se* claims, resulting in a due process violation, in that, the claims were not considered by the court. See *People v. Stoecker*, 2020 IL 124807, ¶ 17 (a defendant has a right to due process in postconviction proceedings, in that he is entitled to "the opportunity to be heard at a meaningful time and in a meaningful manner" (internal quotation marks omitted)). Even assuming, *arguendo*, that the court erred in its interpretation of Rule 651(c), resulting in the stricken claims, defendant must also show that the error was not harmless. See *id.* ¶ 23; *People v. Smith*, 2022 IL 126940, ¶¶ 13-15.

¶ 32        Here, defendant failed to sufficiently present his claims of error in the context of a harmless error analysis. Specifically, defendant does not argue that either of the stricken *pro se* claims were meritorious, and thus, overcome harmless error review. We decline to find either claim possessed merit, in the absence of defendant's merit-based argument. See *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 29 ("A reviewing court is entitled to have issues clearly defined with *** cohesive arguments presented; this court is not a repository into which an appellant may foist the burden of argument and research ***.").

¶ 33        Second, defendant asserts that postconviction counsel performed unreasonably for failing to properly amend the *pro se* petition to include the two stricken claims. At the second stage, among other requirements, Rule 651(c) requires postconviction counsel to "ma[k]e any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). However, "Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf."

13

*People v. Greer*, 212 Ill. 2d 192, 205 (2004). When postconviction counsel files a Rule 651(c) certificate, there is a rebuttable presumption that counsel provided reasonable assistance in compliance with the rule. See *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. If counsel found all the claims in the petition to be frivolous, then counsel may either stand on the *pro se* petition or seek to withdraw as counsel. *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10. If counsel found some claims in the petition to be frivolous, then counsel would omit those claims from the petition. *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 22.

¶ 34 Here, the presumption exists that postconviction counsel reviewed defendant's *pro se* claims and substantially complied with Rule 651(c) by advancing claims of merit or shaping defendant's *pro se* claims into proper legal arguments. See *Profit*, 2012 IL App (1st) 101307, ¶ 19. Notably, the record illustrates that postconviction counsel incorporated defendant's claim of ineffective assistance of plea counsel for failing to pursue defendant's appeal into the amended petition. In other words, counsel properly shaped defendant's *pro se* claim that plea counsel refused to file an appeal and allege her own ineffectiveness into a proper legal argument, which the court ultimately considered. The presumption also exists that postconviction counsel found the *pro se* MSR and sex offender registration claim to be frivolous, as it was omitted from the amended petition. See *id.*; see also *Dixon*, 2018 IL App (3d) 150630, ¶ 22. The record supports this conclusion, where postconviction counsel explained to the court that he specifically did not adopt the claim in the amended petition. As previously stated, defendant does not present any argument regarding the merits of the claim. *Supra* ¶ 32. Presuming the claim lacked merit, "[r]eversal and remand would serve no purpose and would merely delay the dismissal of the meritless" claims. *Stoecker*, 2020 IL 124807, ¶ 33. In the absence of any merit-based argument, defendant cannot overcome the presumption that postconviction counsel provided reasonable assistance by properly

omitting a frivolous claim. See *Edwards*, 2012 IL App (1st) 091651, ¶ 29. Because defendant failed to make sufficient arguments regarding his stricken claims, his claims are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 35                             III. CONCLUSION

¶ 36        The judgment of the circuit court of Du Page County is reversed in part, affirmed in part, and remanded.

¶ 37        Reversed in part, affirmed in part, and remanded.